LAW OFFICES OF WILLIAM J. COURTNEY, L.L.C.
2 Main Street
P.O. Box 112
Flemington, New Jersey 08822
(908) 782-5900

---

| | |
|---|---|
| ANGELICA LOPEZ | : SUPERIOR COURT OF NEW JERSEY |
|  | : LAW DIVISION |
| PLAINTIFF | : MORRIS COUNTY |
|  | : DOCKET NO. L-3350-07 |
| VS | : |
|  | : |
| THE TOWN OF DOVER; DOVER POLICE DEPARTMENT; OFFICER JUSTIN GABRYS (individually and in his representative capacity); SERGEANT BRUCE COLE (individually and in his representative capacity); and POLICE OFFICERS JOHN DOES 1-25 (fictitious names (individually and in their representative capacities) | : *Civil Action* |
|  | : AMENDED COMPLAINT |
| Defendants. | : |

---

Plaintiff, Angelica Lopez, by way of complaint against the Defendants hereby says:

### PARTIES

1. At all relevant times herein, the Plaintiff, Angelica Lopez, was a resident of Morris County, New Jersey. At the time of the events alleged herein, she was a minor of the age of 15 and was in the ninth grade. She is now of the age of majority.

2. Defendants Town of Dover and the Dover Police Department are municipal and/or government agencies within the State of New Jersey, County of Morris.

3. Defendant Officer Justin Gabrys (hereinafter "Gabrys") is, upon information and belief, a police officer in the employ of Defendants Town of Dover and/or the Dover Police Department. He is being sued individually and in his representative capacity. Defendant Gabrys committed, participated in and/or is responsible for the acts complained of herein, and he acted in concert with the other Defendants and/or under the authority, direction or control of the Defendants and/or willfully participated in the activities thereof and/or conspired with other persons and/or entities named herein or otherwise acted in ways that were harmful to Plaintiff as alleged herein or as may become known to Plaintiff. At all relevant times, Defendant Officer Justin Gabrys was acting under color of state law.

4. Defendant Sergeant Bruce Cole (hereinafter "Cole") is, upon information and belief, a Sergeant in the employ of Defendants Town of Dover and/or the Dover Police Department. He is being sued individually and in his representative capacity. Defendant Cole committed, participated in and/or is responsible for the acts complained of herein. He acted in concert with the other Defendants and/or under the authority, direction or control of the Defendants and/or willfully participated in the activities thereof and/or conspired with other persons and/or entities named herein or otherwise acted in ways that were harmful to Plaintiff as alleged herein or as may become known to Plaintiff. At all relevant times, Defendant Officer Bruce Cole was acting under color of state law.

5. At all times relevant to this Complaint, Defendant Police Officers John Does 1-25, whose identities are unknown to Plaintiff, were persons employed by Defendants Town of Dover and/or Dover Police Department who committed an unprovoked and unjustified assault and battery upon the Plaintiff and/or participated in her malicious prosecution on or about March

1, 2003 at a time when Plaintiff was a minor. Defendants Police Officers John Does 1-25 committed, participated in and/or are responsible for the acts complained of herein and otherwise acted in concert with the other Defendants, acted under the color of State law, under the authority, direction or control of the Defendants and/or willfully participated in the activities thereof and/or conspired with other persons and/or entities named herein or otherwise acted in ways that were harmful to Plaintiff as alleged herein or as may become known to Plaintiff.

6. At all times relevant to this Complaint, the Town of Dover and Dover Police Department employed police officers who were empowered to enforce the law and to apprehend the violators thereof. At all times relevant to this Complaint, the Dover Police Department, and the police officers it employed, conducted law enforcement activities on behalf of the Town of Dover.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff was attending a teen-party at a club in the town of Dover, County of Morris, in the State of New Jersey. As Plaintiff was exiting the party, she was approached by members of the Dover Police Department, believed to be Defendant Officer Gabrys and/or Police Officers John Does 1-25, who appeared at the scene and began yelling at Plaintiff to "move along" or words to that effect.

8. Plaintiff, who was in ninth grade, stood approximately five foot one inches tall and weighed no more than 110 pounds, advised the officer(s) she was waiting for her ride when the officer(s) got out of the car and started walking towards Plaintiff.

9. Defendant Officer Gabrys grabbed Plaintiff by her arm and pushed her against a wall, pressing his body hard against hers. At that point, a bystander was yelling at the officer "get off her, your hurting her" or words to that effect.

10. Defendant Officer Gabrys spun Plaintiff around, cuffed her and proceeded to call for back-up. Another officer, believed to be Defendant Sergeant Cole, appeared on the scene and sprayed Plaintiff with mace. Plaintiff was then handcuffed and thrown into the police car and Defendants took her to the police station. While at the police station, Defendant Sergeant Cole began yelling and screaming at Plaintiff, using obscenities and threatening to have her taken to a mental institution. Defendants threatened Plaintiff with criminal prosecution, stating that they had a "tape" as evidence.

11. Plaintiff was charged with four separate offenses by Defendant Officer Gabrys, including aggravated assault, resisting arrest, disorderly conduct and obstructing the administration of law and held in detention for two (2) days.

12. Plaintiff was found not guilty of all of the charges except disorderly conduct. Plaintiff was forced to go through an entire trial because of the false and malicious charges that were brought against her. Further, Defendants either hid or failed to preserve the videotape that they claimed captured Plaintiff's conduct at a time when they knew it should have been preserved.

13. At all times relevant times hereto, and in committing the actions described herein, Defendants were acting under color and pretense of State law, to wit: under color of statute, ordinance, regulations, customs, practices, policies, procedures and other sources of authority as may be applicable. Each Defendant acted under the color and authority of each

Defendant's office heretofore alleged. The acts and omissions of Defendants alleged herein subjected Plaintiff to illegal and unconstitutional threats, harassment, harm, interference with the peaceful exercise of her constitutional rights guaranteed by the Constitution of the United States, the Constitution of the State of New Jersey and applicable Federal and State Laws.

14. Upon information and belief, the acts of Defendants alleged herein occurred during the execution or implementation of the policies, practices, procedures and/or customs of the foregoing governmental entities or officials thereof whose practices and acts may fairly be said to represent the official policy of said governmental entities and officials, and/or were part of a pattern/persistent practice sufficiently known to said entities and officials as to constitute unofficial authorization for same.

15. The acts, conduct and behavior of the Defendants were done knowingly, intentionally and maliciously for which Plaintiff is entitled to punitive damages against the appropriate Defendants.

16. The acts of the Defendants alleged herein violate the fundamental constitutional rights of Plaintiff. Plaintiff has no plain or adequate remedy at law to redress these violations of her Constitutional rights and this suit for judgment and damages is her only means of securing complete and adequate relief. No other remedy would offer Plaintiff substantial and complete protection from the continuance of Defendants' unlawful and constitutional acts, policies and procedures.

COUNT ONE
(ASSAULT & BATTERY / EXCESSIVE FORCE)

17. Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 16 of this Complaint as if fully set forth herein at length.

18. Defendants Officer Gabrys and Sergeant Cole and/or one or more of Defendants 1-25, while acting within the scope of their employment as agents for Defendants Town of Dover and/or Dover Police Department did, without cause or justification, wrongfully subject Plaintiff to assault and battery and placed her in fear of apprehension of same. At the time of the assault, Plaintiff was not violating any laws, was not attempting to interfere with Defendants' execution of their duties and was not engaged in any assaultive behavior towards Defendants. Said acts by Defendants were entirely unjustified by the acts of Plaintiff and constitute unreasonable and excessive use of force against Plaintiff and resulted in severe, debilitating and permanent injuries.

19. The actions of the Defendants violated Plaintiff's fundamental rights under the Constitution of the United States including the right to be free from unreasonable and excessive force, freedom from the deprivation of liberty, without due process of law, freedom from summary punishment and Plaintiff's rights under the Fifth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983, 42 U.S.C. § 1988 and Article I, ¶ 1, 7 and 12 of the Constitution of the State of New Jersey.

20. Defendants subjected Plaintiff to deprivation by malice and/or with reckless disregard of Plaintiff's rights.

21. As a direct and proximate result of Defendants' acts, Plaintiff has suffered, and will continue to suffer, severe and permanent injuries, was forced to endure great pain and mental suffering and to incur medical and legal expenses.

**WHEREFORE**, Plaintiff demands judgments against the Defendants, and each of them, for damages including compensatory, punitive, hedonic and exemplary; pain and suffering, lost

wages, reimbursement of expenses, attorneys fees, interest, costs of suit and such other and further relief as the Court may deem just and proper.

## COUNT TWO
### (FALSE ARREST, IMPRISONMENT AND UNLAWFUL SEIZURE)

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1-21 of this Complaint as if fully set forth herein at length.

23. The acts of Defendants were in violation of Plaintiff's right to be free from unreasonable seizure and to be free from deprivation of liberty without due process of law, to equal protection of law and violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983, 42 U.S.C. § 1988, Article I, ¶ 1,7 and 12 of the Constitution of the State of New Jersey and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2 et. seq.

24. As a direct and proximate result of Defendants' acts, Plaintiff has suffered and will continue to suffer severe and permanent injuries, was forced to endure great pain and mental anguish and incur medical and legal expenses.

**WHEREFORE**, Plaintiff demands judgments against the Defendants, and each of them, for damages including compensatory, punitive, hedonic and exemplary, pain and suffering, lost wages, reimbursement of expenses, attorneys fees, interest, costs of suit and such other and further relief as the Court may deem just and proper.

## COUNT THREE
### (ABUSE OF PROCESS AND MALICIOUS PROSECUTION)

25. Plaintiff repeats and realleges the allegations contained in paragraphs 1-24 of this Complaint as if fully set forth herein at length.

26. On or about March 1, 2003, Defendant Officer Gabrys issued four charges against Plaintiff without sufficient probable cause and issued the charges knowing that the allegations contained therein to be false.

27. Each of the Defendants willfully failed to discharge their duties and actively conspired to bring false criminal charges against Plaintiff and furthered the purposes of the conspiracy by failing to reveal knowledge in their possession and/or the results of their investigations to the appropriate authorities.

28. The Defendants directly, or indirectly, under the color of law approved and/or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of their co-conspirators heretofore described, all of which deprived the Plaintiff of her Constitutional rights guaranteed to her by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 42 U.S.C. § 1988, Article I, ¶ 1, 7 and 12 of the Constitution of the State of New Jersey, and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2 et. seq.

29. As a direct and proximate result of Defendants acts, Plaintiff has suffered and will continue to suffer severe and permanent injuries, was forced to endure great pain and mental anguish and incur medical and legal expenses.

**WHEREFORE**, Plaintiff demands judgments against the Defendants, and each of them, for damages including compensatory, punitive, hedonic, exemplary, pain and suffering, emotional distress, reimbursement of expenses, attorneys fees, interest, costs of suit and such other and further relief as the Court may deem just and proper.

## COUNT FOUR
### (RESPONDEAT SUPERIOR)

30. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-29 of this Complaint as if fully set forth herein at length.

31. The acts of the individual Defendants stated herein were performed as agents, servants and/or employees of Defendants Town of Dover and/or Dover Police Department and were done within the scope of their employment.

32. Accordingly, said Defendants are liable to Plaintiff for the acts of the individual Defendants under the doctrine of Respondeat Superior.

33. As a direct and proximate result of Defendants acts, Plaintiff has suffered and will continue to suffer severe and permanent injuries, was forced to endure great pain and mental anguish and incur medical and legal expenses.

**WHEREFORE**, Plaintiff demands judgments against the Defendants, and each of them, for damages including compensatory, punitive, hedonic, exemplary pain and suffering, reimbursement of expenses, attorneys fees, interest, costs of suit and such other and further relief as the Court may deem just and proper.

## COUNT FIVE
### (OFFICIAL POLICY)

34. Plaintiff repeats and realleges the allegations contained in paragraphs 1-33 of this Complaint as if fully set forth herein at length.

35. The actions alleged herein were undertaken by the individual Defendants in their capacities as final decision makers or agents thereof pursuant to the authority granted to them by the

Town of Dover and/or the Dover Police Department and/or other sources of authority and such actions represent official municipal and governmental policy and practice.

36. As a direct and proximate result of Defendants acts, Plaintiff has suffered and will continue to suffer severe and permanent injuries, was forced to endure great pain and mental anguish and incur medical and legal expenses.

**WHEREFORE**, Plaintiff demands judgments against the Defendants, and each of them, for damages including compensatory, punitive, hedonic and exemplary; pain and suffering, reimbursement of expenses, attorneys fees, interest, costs of suit and such other and further relief as the Court may deem just and proper.

LAW OFFICES OF WILLIAM J. COURTNEY, LLC
Attorneys for Plaintiff

By: _____
Jeffrey J. Mahoney

Dated: February 29, 2008

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE**, that pursuant to rule 4:25-4, William J. Courtney, Esq. is hereby designated as trial counsel.

LAW OFFICES OF WILLIAM J. COURTNEY, LLC
Attorneys for Plaintiff

By: _____
Jeffrey J. Mahoney

Dated: February 29, 2008

10

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that I have no knowledge of any other pending action or proceeding concerning the subject matter of this action. It is not anticipated at this time that there is any other party who should be joined in this action.

                                              LAW OFFICES OF WILLIAM J. COURTNEY, LLC
                                              Attorneys for Plaintiff

                                              By: _____
                                                        Jeffrey J. Mahoney

Dated: February 29, 2008

LAW OFFICES OF WILLIAM J. COURTNEY, L.L.C.
2 Main Street
P.O. Box 112
Flemington, New Jersey 08822
(908) 782-5900

| | |
|---|---|
| ANGELICA LOPEZ<br><br>PLAINTIFF<br><br>VS<br><br>THE TOWN OF DOVER; DOVER POLICE DEPARTMENT; OFFICER JUSTIN GABRYS (individually and in his representative capacity); SERGEANT BRUCE COLE (individually and in his representative capacity); and POLICE OFFICERS JOHN DOES 1-25 (fictitious names (individually and in their representative capacities)<br><br>Defendants. | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION<br>: MORRIS COUNTY<br>: DOCKET NO. L-3350-07<br>:<br>:<br>:<br>:<br>: *Civil Action*<br>:<br>:<br>:<br>:<br>:<br>: SUMMONS<br>:<br>: |

FROM THE STATE OF NEW JERSEY TO THE DEFENDANT(S) NAMED ABOVE:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The amended complaint attached to this summons states the basis for this lawsuit. If you dispute this amended complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*Christina P. Higgins*
Christina P. Higgins
Acting Clerk of the Superior Court

DATED: 4/18/08
Name of Defendant to Be Served:   Dover Police Department
Address of Defendant to Be Served:   37 North Sussex Street, Dover, New Jersey 07801

Revised 09/2006, CN 10792-English

| County Office | Referral / Legal Services |
|---|---|
| **ATLANTIC COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division, Direct Filing<br>1201 Bacharach Blvd., First Fl.<br>Atlantic City, NJ 08401 | LAWYER REFERRAL (609) 345-3444<br>LEGAL SERVICES (609) 348-4200 |
| **BERGEN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Case Processing Section, Room 119<br>Justice Center, 10 Main St.<br>Hackensack, NJ 07601-0769 | LAWYER REFERRAL (201) 488-0044<br>LEGAL SERVICES (201) 487-2166 |
| **BURLINGTON COUNTY:**<br>Deputy Clerk of the Superior Court<br>Central Processing Office<br>Attn: Judicial Intake<br>First Fl., Courts Facility<br>49 Rancocas Rd.<br>Mt. Holly, NJ 08060 | LAWYER REFERRAL (609) 261-4862<br>LEGAL SERVICES (609) 261-1088 |
| **CAMDEN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Processing Office<br>1st Fl., Hall of Records<br>101 S. Fifth St.<br>Camden, NJ 08103 | LAWYER REFERRAL (856) 964-4520<br>LEGAL SERVICES (856) 964-2010 |
| **CAPE MAY COUNTY:**<br>Deputy Clerk of the Superior Court<br>9 N. Main Street<br>Box DN-209<br>Cape May Court House, NJ 08210 | LAWYER REFERRAL (609) 463-0313<br>LEGAL SERVICES (609) 465-3001 |
| **CUMBERLAND COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Case Management Office<br>Broad & Fayette Sts.,<br>P.O. Box 615<br>Bridgeton, NJ 08302 | LAWYER REFERRAL (856) 692-6207<br>LEGAL SERVICES (856) 451-0003 |
| **ESSEX COUNTY:**<br>Deputy Clerk of the Superior Court<br>50 West Market Street<br>Room 131<br>Newark, NJ 07102 | LAWYER REFERRAL (973) 622-6207<br>LEGAL SERVICES (973) 624-4500 |
| **GLOUCESTER COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Case Management Office<br>Attn: Intake<br>First Fl., Court House<br>1 North Broad Street, P.O. Box 129<br>Woodbury, NJ 08096 | LAWYER REFERRAL (856) 848-4589<br>LEGAL SERVICES (856) 848-5360 |
| **HUDSON COUNTY:**<br>Deputy Clerk of the Superior Court<br>Superior Court, Civil Records Dept.<br>Brennan Court House--1st Floor<br>583 Newark Ave.<br>Jersey City, NJ 07306 | LAWYER REFERRAL (201) 798-2727<br>LEGAL SERVICES (201) 792-6363 |

HUNTERDON COUNTY:  
Deputy Clerk of the Superior Court  
Civil Division  
65 Park Avenue  
Flemington, NJ 08822

LAWYER REFERRAL (908) 735-2611  
LEGAL SERVICES (908) 782-7979

MERCER COUNTY:  
Deputy Clerk of the Superior Court  
Local Filing Office, Courthouse  
175 S. Broad Street, P.O. Box 8068  
Trenton, NJ 08650

LAWYER REFERRAL (609) 585-6200  
LEGAL SERVICES (609) 695-6249

MIDDLESEX COUNTY:  
Deputy Clerk of the Superior Court  
Administration Building  
Third Floor  
1 Kennedy Sq., P.O. Box 2633  
New Brunswick, NJ 08903-2633

LAWYER REFERRAL (732) 828-0053  
LEGAL SERVICES (732) 249-7600

MONMOUTH COUNTY:  
Deputy Clerk of the Superior Court  
Court House  
71 Monument Park  
P.O. Box 1269  
Freehold, NJ 07728-1269

LAWYER REFERRAL (732) 431-5544  
LEGAL SERVICES (732) 866-0020

MORRIS COUNTY:  
Deputy Clerk of the Superior Court  
Civil Division  
30 Schuyler Pl., P.O. Box 910  
Morristown, NJ 07960-0910

LAWYER REFERRAL (973) 267-5882  
LEGAL SERVICES (973) 285-6911

OCEAN COUNTY:  
Deputy Clerk of the Superior Court  
Court House, Room 119  
118 Washington Street  
Toms River, NJ 08754

LAWYER REFERRAL (732) 240-3666  
LEGAL SERVICES (732) 341-2727

PASSAIC COUNTY:  
Deputy Clerk of the Superior Court  
Civil Division  
Court House  
77 Hamilton St.  
Paterson, NJ 07505

LAWYER REFERRAL (973) 278-9223  
LEGAL SERVICES (973) 345-7171

SALEM COUNTY:  
Deputy Clerk of the Superior Court  
92 Market St., P.O. Box 18  
Salem, NJ 08079

LAWYER REFERRAL (856) 935-5628  
LEGAL SERVICES (856) 451-0003

SOMERSET COUNTY:  
Deputy Clerk of the Superior Court  
Civil Division Office  
New Court House, 3rd Fl.  
P.O. Box 3000  
Somerville, NJ 08876

LAWYER REFERRAL (908) 685-2323  
LEGAL SERVICES (908) 231-0840

SUSSEX COUNTY:  
Deputy Clerk of the Superior Court  
Sussex County Judicial Center  
43-47 High Street

LAWYER REFERRAL (973) 267-5882  
LEGAL SERVICES (973) 383-7400

Newton, NJ 07860

UNION COUNTY:
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL (908) 353-4715
LEGAL SERVICES (908) 354-4340

WARREN COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL (908) 267-5882
LEGAL SERVICES (908) 475-2010

Note: Adopted July 13, 1994, effective September 1, 1994; amended June 28, 1996, effective September 1, 1996; address/phone information updated July 1, 1999, effective September 1, 1999; amended July 12, 2002 to be effective September 3, 2002; amended July 27, 2006 to be effective September 1, 2006.
Revised 09/2006, CN 10792-English